IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SERGIO RIVERA AND RILEY NELSON, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br>vs.<br><br>LEVY PREMIUM FOODSERVICE LIMITED PARTNERSHIP D/B/A LEVY,<br><br>　　　　Defendant. | Case No.<br><br>(Removed from Circuit Court of Cook County, Illinois, County Department, Chancery Division, Case No. 2025CH06180)<br><br>Complaint Filed: 06/10/2025<br>Complaint Served: 06/20/2025<br>Removal Date: 07/18/2025 |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS AND TO PLAINTIFFS:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441, 1446, 1453, and the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, § 1(a), 119 Stat. 4, Defendant Levy Premium Foodservice Limited Partnership D/B/A Levy ("Levy") hereby removes the above-entitled action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois.

### I. PROCEDURAL HISTORY

1. On June 10, 2025, Plaintiffs Sergio Rivera and Riley Nelson ("Plaintiffs") filed a Complaint in the Circuit Court of Cook County entitled *Sergio Rivera and Riley Nelson, individually and on behalf of all others similarly situated, v. Levy Premium Foodservice LP D/B/A Levy Restaurants*, Case No. 2025CH06180 (the "Action"). (Stetsko Decl. ¶ 3, Ex. A[1] (2025-06-

---

[1] "Ex." refers to exhibits attached to the Declaration of Kathleen A. Stetsko ("Stetsko Decl."), filed herewith. Ex. A includes all state court pleadings served on Defendant, in compliance with 28 U.S.C. § 1446(a).

0

10 Class Action Complaint) ("Complaint" or "Compl.").) On June 20, 2025, Plaintiffs served the Complaint on Levy. (Stetsko Decl. ¶ 4.) The Complaint alleges claims for (1) violation of Section 15(a) of Illinois's Biometric Information Privacy Act ("BIPA"); (2) violation of Section 15(b) of BIPA; (3) violation of Section 15(c) of BIPA; (4) violation of Section 15(d) of BIPA. (Compl. ¶¶ 64-87.) Levy denies liability.

## II. THIS COURT HAS CAFA JURISDICTION OVER THIS MATTER

2. Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), Plaintiffs' allegations, if accepted as true,[2] show that this Court has original jurisdiction because: (1) this Action is a putative class action; (2) there is minimal diversity of citizenship; and (3) Plaintiffs seek over $5 million in damages.

### A. The Putative Class Size Exceeds 100.

3. This is a putative class action. A "class action" is defined under CAFA as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B); *see also* 28 U.S.C. § 1453(a).

4. The Plaintiffs have filed the Action as a purported class action and seek to certify a class pursuant to 735 ILCS 5/2-801. (Compl. ¶¶ 53, 88(a).) Plaintiffs identify the proposed class as "[a]ll persons who entered" one of 7 concession stores "in the United Center that were equipped with Just Walk Out technology" from "March 20, 2020, through the present, to the date of trial." (Compl. ¶¶ 53-54, *see also* Compl. ¶ 6.)

---

[2] Levy denies liability but accepts Plaintiffs' allegations for the purposes of establishing removal. *See Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) ("The party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties.").

5. It is true that Levy operates stores in the United Center ("Levy JWO Stores") that employ Amazon's "Just Walk Out" technology that Levy licenses from Amazon. (Declaration of Milan Stojakovic ("Stojakovic Decl."), filed herewith, ¶ 3.)

6. During the class period, at least 1,001 unique customers made a purchase at the Levy JWO Stores. (Stojakovic Decl. ¶ 4.) The class size requirement is thus met. *See Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017) (class size requirement under CAFA is met if a putative "class has 100 or more class members").

**B.    There is Sufficient Diversity Between the Parties.**

7. There is sufficient diversity of citizenship in this case. Under CAFA, diversity of citizenship is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(10).

8. Defendant Levy is an Illinois limited partnership with its principal place of business in Illinois. (Stojakovic Decl. ¶ 2.) Levy's general partner is Levy GP Corporation, an Illinois-incorporated company with its principal place of business in Illinois. (*Id.*)

9. Plaintiffs identify the proposed class as "[a]ll persons who entered" 7 stores in the United Center from March 20, 2020 through the date of trial. (Compl. ¶¶ 53-54, *see also id*. ¶ 6.) The United Center is the largest arena in the United States and hosts more than 200 events per year. (Ex. B; *see also* Compl. ¶ 56 ("the United Center … hosts more than 200 events and hundreds of thousands of attendees each year.").) United Center events draw fans from around the country and even from around the world. For example, the United Center is home to the Chicago Blackhawks (NHL) and Chicago Bulls (NBA) teams. (Ex. B.) As another example, the United Center hosted the 2024 Democratic National Convention, which gathered representatives "from all 50 states and the U.S. territories[.]" (Ex. C.) Notably, the United Center's website for the 2024

Democratic National Convention links to the 7 stores at issue under the heading "Dining & Concessions." (Exs. D-E.) As another example, just days before the Complaint was filed, the United Center hosted "two highly-anticipated [WNBA] matchups between the Sky and Fever, including Chicago's Angel Reese, Kamilla Cardoso, Courtney Vandersloot, Ariel Atkins and Indiana's Caitlin Clark, DeWanna Bonner, Natasha Howard and Kelsey Mitchel." (Ex. F.) The United Center additionally hosts dozens of concerts a year. For example, in the last year, artists as diverse as Usher, Justin Timberlake, and Billie Eilish have all performed at the United Center. (Exs. G-I.) Therefore, upon information and belief, at least one member of the putative class in this case is a non-Illinois citizen.

10. Because at least one putative class member is a citizen of a state other than Illinois, there is diversity of citizenship under CAFA. *See Roppo*, 869 F.3d at 578 (minimal diversity under CAFA met where "at least one class member is diverse from at least one defendant").

    **C.    The Amount in Controversy Exceeds $5 Million.**

11. The amount in controversy requirement is also satisfied. CAFA confers jurisdiction over class actions "in which the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2). Additionally, "[i]n any class action, the claims of individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000." *Id*. § 1332(d)(6).

12. As detailed above, Plaintiffs are seeking damages based on alleged violations of BIPA. For each of the four claims, Plaintiffs seek "the greater of liquidated damages of $5,000 or actual damages" for each of the alleged intentional or reckless violations, and "the greater of liquidated damages of $1,000 or actual damages" for each of the alleged negligent violations. (Compl. ¶¶ 70, 77, 82, 87.) The class period "is defined as March 20, 2020, through the present,

- 5 -

to the date of trial. (*Id*. ¶ 54.)

13. During the class period, at least 1,001 unique customers made a purchase at the Levy JWO Stores. (Stojakovic Decl. ¶ 4.) Accepting Plaintiffs' allegations as true and applying the $5,000 liquidated damages amount, Plaintiffs seek damages in excess of CAFA's $5 million amount-in-controversy requirement. *See Roppo*, 869 F.3d at 578 (amount-in-controversy requirement met if "there is more than $5 million, exclusive of interest and costs, in controversy in the aggregate").

### III. III. REMOVAL IS TIMELY

14. Levy was served on June 20, 2025. (Stetsko Decl. ¶ 4.) The removal is timely because it is filed within 30 days after service. 28 U.S.C. § 1446(b)(2)(B).

### IV. CONCLUSION

For the foregoing reasons, Levy respectfully removes this Action to federal court. A copy of this Notice of Removal is also being filed with the Circuit Court of Cook County, Illinois and concurrently served on all counsel of record. By removing this Action to this Court, Levy does not waive, and expressly preserves, any and all available arguments and defenses.

Dated: July 18, 2025							Respectfully submitted,

									By: /s/ Kathleen A. Stetsko
										Kathleen A. Stetsko

									Kathleen A. Stetsko
									**Perkins Coie LLP**
									110 N Upper Wacker Dr Suite 3400,
									Chicago, IL 60606
									Telephone: 312.324.8400
									Fax: 312.324.9400
									Email: KStetsko@perkinscoie.com

									Moez M. Kaba (pro hac application forthcoming)
									Sourabh Mishra (pro hac application forthcoming)
									**Hueston Hennigan LLP**
									620 Newport Center Drive
									Newport Beach, CA 92660
									Tel: (949)-356-5536
									Fax: (888) 775-0898
									Email: smishra@hueston.com

									*Attorneys for Defendant*

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that, on July 18, 2025, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF. I also certify that I caused the foregoing to be served by email to the following attorneys:

Kenneth A Wexler
Justin N. Boley
Tyler J. Story
Gwyneth F. Lietz
WEXLER BOLEY & ELGERSMA LLP
311 S. Wacker Dr., Suite 5450
Chicago, IL 60606
T: (312) 346-2222
jnb@wbe-llp.com
kaw@ wbe-llp.com
tjs@ wbe-llp.com
gfl@ wbe-llp.com

Ryan F. Stephan
James B. Zouras
Catherine Mitchell Duffy
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza
Suite 2150
Chicago, IL 60606
T: (312) 233-1550
rstephan@stephanzouras.com
jzouras@stephanzouras.com
cmitchell@stephanzouras.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 18, 2025:

                                                                 By: /s/ Kathleen A. Stetsko
                                                                         Kathleen A. Stetsko
                                                                         Attorney for Defendants